IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAPHAEL DWIGHT HUNDLEY, )<br>)<br>Plaintiff, )<br>)<br>v )<br>)<br>DONALD E. ZIEGLER; JACQUELINE R. )<br>MORROW, Esq.; MAYOR OF THE CITY )<br>OF PITTSBURGH; CHIEF OF POLICE OF )<br>THE CITY OF PITTSBURGH; CITY OF )<br>PITTSBURGH POLICE DEPARTMENT; )<br>and THE CITY OF PITTSBURGH )<br>MUNICIPALITY; )<br>)<br>Defendants ) | Civil Action No. 07-848<br>Chief Judge Donetta W. Ambrose/<br>Magistrate Judge Amy Reynolds<br>Hay |

## MEMORANDUM ORDER

Raphael Dwight Hundley ("Plaintiff"), is a federal prisoner, convicted of being a felon in possession of a firearm, who is currently serving a 20 year sentence for the conviction in USP Canaan. Plaintiff's Bureau of Prisons Registration or Identification Number is 22822-053. Dkt. [1] at 3. He has sought leave to proceed in forma pauperis ("IFP") in order to file a civil rights complaint in this court pursuant to 42 U.S.C. § 1983. Dkt. [1-2] at 1, ¶ 1. He seeks to sue Donald Ziegler, formerly a federal District Judge on this court, as well as several Defendants all employed by or associated with the City of Pittsburgh. The crux of his complaint is that Judge Ziegler and the remaining defendants somehow conspired to violate his rights by prosecuting him for a trumped up charge.

It is a plaintiff's burden to prove entitlement to IFP. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., 1995 WL 592588, at *1 (E.D. Pa.

Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001)("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

The court takes judicial notice of court records and dockets of the Federal Courts located in the Commonwealth of Pennsylvania. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). Those dockets reveal that Plaintiff has filed or participated as a plaintiff in at least four prisoner civil rights cases and, as a consequence, has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[1] which provides in relevant part that

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] The three strikes that Plaintiff has accumulated are as follows. The first strike is Raphael Dwight Hundley v. United States of America, No. 95-CV-1393 (W.D. Pa. Report recommending dismissal of suit as frivolous pursuant to then 28 U.S.C. 1915(d) (Dkt. 3) filed 8/31/95 and order dismissing suit as frivolous and adopting Report (Dkt. 8) filed 11/28/95). The second strike is Raphael Dwight Hundley v. Bowden, No. 97-CV-2160 (W.D. Pa. Report recommending dismissal of complaint for failure to state a claim (Dkt. 10) filed 12/16/97 and order of District Court adopting report

---

[1] See Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001)(noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule").

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h)

and dismissing complaint (Dkt. 13) filed 1/6/98), aff'd, 172 F.3d 859 (Table) (3d Cir. 11/23/1998). The third strike is Muhammad Jabbar and Raphael Hundley v. Luttrell, No. 97-CV-3091 (W.D. Tenn. Order dismissing complaint as legally frivolous, (Dkt. 5) filed 12/30/97). In addition, Plaintiff has at least one more strike, namely, Raphael Hundley v. United States of America, No. 93-CV-1497 (W.D. Pa. Report (Dkt. 33) recommending grant of motion to dismiss, and Order (Dkt. 44) adopting Report; Report (Dkt. 45) recommending grant of motion to dismiss and Order (Dkt. 53) granting motion to dismiss).[3] Furthermore, the fact that at least two of these strikes occurred before the enactment of the Prison Litigation Reform Act ("PLRA") is no bar to counting them as strikes. Keener v. Pennsylvania Bd. Of Probation and Parole, 128 F.3d 143, 144 (3d Cir. 1997). Accordingly, because Plaintiff has at least three strikes he may not proceed IFP, unless "the prisoner is under imminent danger of serious physical injury" as revealed by the complaint because imminent danger of physical injury must be assessed as of the time of filing the application for leave to proceed IFP and/or the complaint. See Abdul-Abkar v. McKelvie, 239 F.3d 307 (3d Cir. 2001); Banos v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) ("The plain language of the statute [i.e., Section 1915(g)] leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.").

Instantly, the complaint recounts events that occurred for the most part from January 23, 1993 up to the time of his conviction which occurred in January 1994 and which all concerned the alleged conspiracy to violate Plaintiff's rights by falsely accusing him and convicting him of

---

[3] The addresses for Plaintiff found on the dockets of all four of the cases counted as strikes indicate that the cases were brought while Plaintiff was a prisoner and also the cases themselves are categorized as "prisoner civil rights" cases on the docket.

a crime that he did not commit. The most recent event Plaintiff recounts in his complaint is the decision on June 15, 2006 by the United States Supreme Court in Hudson v. Michgan, __ U.S. __ 126 S.Ct. 2159 (2006), although its relevance to Plaintiff's suit is not entirely clear from the complaint. Dkt. [1-2] at 3, ¶5.

Viewing plaintiff's allegations most generously, the court has no hesitancy in concluding that Plaintiff has not met the threshold of showing "an imminent danger of serious physical injury." See, e.g., Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D. Wis. 1999). In Leudtke, the prisoner plaintiff had three strikes against him. Nonetheless, he sought to proceed in forma pauperis without pre-paying the filing fee. The complaint alleged a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him. The court found these allegations to be "insufficient and lack the specificity necessary to show an *imminent* threat of *serious* physical injury." Id. at 1077. The court reasoned that these threats of assaults and injuries at some unspecified time in the future failed to come within the exception permitted by Section 1915(g). Likewise here, the court concludes that Plaintiff's allegations fail to show an imminent threat of serious physical injury. None of Plaintiff's allegations in the complaint indicate a threat of serious physical injury. Nor do any of the allegations of the complaint reveal an imminent risk of **any** physical injury as most of the allegations concern long past conduct and the most recent date mentioned is the decision of the United States Supreme Court in Hudson v. Michigan., decided on June 15, 2006 (although its significance to this case is not clear) and so, any threat of physical injury appears to have long since passed as of the date of Plaintiff is deemed to have filed his IFP application, i.e., May 30, 2007, and is clearly not **imminent** as of that date. Abdul-Akbar v. McKelvie, 239 F.3d at 313 ("Someone whose danger has passed cannot reasonably be described as someone who 'is' in danger, nor can that past danger

reasonably be described as 'imminent.').

It is true that in his application to proceed IFP, Plaintiff alleges that "[a]fter a stroke, and heart attack, I am a sufferer of degenerate oesteo [sic] arthritis in my hip & have walked with the aid of a cane for 12 years. I have diabetes, Enlarged prostrate and hepatitis C, and liver and bladder problems. I receive medication currently." Dkt. [1] at 2, ¶ 3(b). However, none of the allegations of the complaint relate to any of these conditions. See, e.g., Shephard v. Clinton, 27 Fed.Appx. 524, 525 (6th Cir. 2001)("The application shall: 1) contain specific factual allegations demonstrating that Shephard is 'under imminent danger of serious physical injury;' and 2) describe the relationship between the alleged danger and the claims contained in the underlying complaint."). The Court also notes, in passing, that in his application for leave to proceed in forma pauperis, Plaintiff falsely claims that he did not have three strikes. Dkt. [1] at 1, ¶ 3.

Accordingly, the following order is entered:

AND NOW this 28th day of June 2007, Plaintiff's application for leave to proceed in forma pauperis is **DENIED**. The case is dismissed without prejudice to Plaintiff filing the complaint at a new civil action number and paying the entire filing fee .[4] The Clerk is directed to mark the case closed.

This court certifies pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this order would not be taken in good faith.

Donetta W. Ambrose

---

[4] Nothing in this order should be construed as in any way addressing the merits of this suit.

United States Chief Judge

Dated:

cc:    The Honorable Amy Reynolds Hay
United States Magistrate Judge

Raphael Dwight Hundley
22822-053
USP Canaan
PO Box 300
Waymart, PA 18472