IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAPHAEL DWIGHT HUNDLEY, )<br>)<br>    Plaintiff,                )<br>)<br>    v.                           )<br>)<br>DONALD E. ZIEGLER; JACQUELINE R. )<br>MORROW, Esq.; MAYOR OF THE CITY )<br>OF PITTSBURGH; CHIEF OF POLICE OF)<br>THE CITY OF PITTSBURGH; CITY OF  )<br>PITTSBURGH POLICE DEPARTMENT;    )<br>and THE CITY OF PITTSBURGH       )<br>MUNICIPALITY;                    )<br>)<br>    Defendants                )  | Civil Action No. 07-848<br>Chief Judge Donetta W. Ambrose/<br>Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is recommended that the complaint be dismissed before service for failure to state a claim upon which relief can be granted pursuant to the screening provisions of the Prison Litigation Reform Act.

REPORT

Raphael Dwight Hundley (Plaintiff), currently incarcerated in the United States Penitentiary at Canaan, Pennsylvania, has filed a civil action against defendants somehow involved in his arrest and against the federal judge who presided over his federal criminal trial subsequent to his arrest. Plaintiff's suit should be dismissed for failure to state a claim upon which relief can be granted either because his complaint is time barred or because Plaintiff's suit is barred by Heck v. Humphrey, 512 U.S. 477 (1994). Alternatively, because Plaintiff's suit is

(1996), Congress added Section 1915A, entitled "Screening," to Title 28 United States Code to provide that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." Plaintiff is a prisoner within the meaning of Section 1915A.[2] The Defendants named in the complaint are all either governmental entities or employees of such. Moreover, the filing of a complaint in a civil rights action is a "civil action" within the contemplation of Section 1915A. See Ellis v. Norris, 179 F.3d 1078 (8th Cir. 1999) (applying Section 1915A to a civil rights complaint brought under 42 U.S.C. §1983). Thus, Section 1915A Screening is applicable herein. Moreover, under Section 1915A, not only is a court permitted to sua sponte dismiss a complaint which fails to state a claim but it is required to do so. Nieves v. Dragovich, NO. CIV.A. 96-6525, 1997 WL 698490, at *8 (E.D. Pa. Nov. 3, 1997), aff'd, 175 F.3d 1011 (3d Cir. 1999) (Table).

In performing the court's mandated function of sua sponte review of complaints under 28 U.S.C. § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va.

---

[2]Section 1915A(c) defines the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'. This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

Because under Rule 12(b)(6), courts may consider, in addition to the complaint, matters of public record and other matters of which a court may take judicial notice, Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994), and because the standards for dismissal for failing to state a claim under 28 U.S.C. § 1915A are the same as under a 12(b)(6) motion, the court may consider matters of which it may take judicial notice under 28 U.S.C. § 1915A. See, e.g., Lloyd v. U.S., No. 99 C 3347, 1999 WL 759375, at *1 (N.D. Ill. Sept. 3, 1999) ("As the court may take judicial notice of public records without converting a motion to dismiss to a motion for summary judgment, Henson v. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994), the court will take judicial notice of court records in conducting its initial review under § 1915A.").

In reviewing complaints as mandated by 28 U.S.C. § 1915A and, consequently, utilizing the standards for a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the Plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). However, the court need not accept as true any legal averments or conclusions contained in the complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986)("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."); Labovitz v. Washington Times Corp., 172 F.3d 897, 898 (D.C. Cir. 1999)(the court "need not accept purely legal conclusions masquerading as factual

allegations.") (some internal quotations omitted). Neither does the court have to accept as true anything in the complaint which contradicts facts of which the court may take judicial notice. See, e.g., Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)(In ruling on a motion to dismiss, "[t]he court need not, however, accept as true allegations that contradict matters properly subject to judicial notice. . . .").

In reviewing complaints as mandated by 28 U.S.C. § 1915A, the Court applies, as noted, the standards applicable to a 12(b)(6) motion to dismiss. The Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (May 21, 2007), that a complaint must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Bell Atlantic standard that is meant to replace the Conley standard is couched in terms of "plausibility." See e.g., id. at 1970 ("When we look for plausibility in this complaint, we agree with the District Court that plaintiffs' claim of conspiracy in restraint of trade comes up short."). However, because Plaintiff is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972). However, the plausibility standard of Bell Atlantic applies even to pro se litigants. See Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(applying Bell Atlantic in pro se case). Even with the benefit of such leniency, however, the complaint must be dismissed for the following reasons.

**Discussion**

### The Statute of Limitations Bars This Action

Plaintiff's claims are barred by the statute of limitations. Congress did not specify a

statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. See id. The Court of Appeals for the Third Circuit has declared that for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985)("the two-year Pennsylvania limitation for personal injury actions of 42 Pa.Const.Stat.Ann. § 5524 governs all § 1983 actions brought in Pennsylvania.").

A Federal District Court may sua sponte raise the statute of limitations in screening a complaint so long as the statute of limitations defect is apparent from the face of the complaint. See, e.g., Dellis v. Corrections Corp. of America, 257 F.3d 508, 511 (6th Cir. 2001); Alston v. Tennessee Dept. of Corrections, 28 Fed.Appx. 475 (6th Cir. 2002); Tate v. United States, 13 Fed.Appx. 726 (9th Cir. 2001); Johnstone v. United States, 980 F.Supp. 148, 154 (E.D.Pa.1997) ("When a complaint on its face shows that the action was filed outside of the applicable limitations period, and the court has satisfied itself that no legal rule tolls or otherwise abrogates the limitations period, sua sponte dismissal is appropriate under § 1915.").

Herein, the allegedly wrongful acts by the Defendants giving rise to Plaintiff's cause of action occurred no earlier than the date of his arrest, i.e., January 23, 1993 and no later than April 18, 1994 when the notice of appeal was filed in his federal criminal trial and Judge Ziegler lost subject matter jurisdiction or March 2003, when Judge Ziegler allegedly increased Plaintiff's sentence, Dkt. [1-2] at 23, as all of Plaintiff's complaints relate to the Defendants' actions in

conspiring to deny him his rights at his criminal trial and sentencing. Plaintiff did not "file" this civil action, which would stop the running the of the statute of limitations,[3] until, at the earliest, the date he delivered his complaint to the prison authorities for mailing, i.e., May 31, 2007. Therefore, it is clear from the face of the complaint that Plaintiff failed to commence his lawsuit within the two year statute of limitations applicable to Section 1983 claims. Accordingly, the complaint should be dismissed before service for failing to state a claim upon which relief can be granted given that the statute of limitations bars the suit.

### **Heck v. Humphrey bars this suit**

Because Heck v. Humphrey, 512 U.S. 477 (1994) bars the present civil rights action as long as Plaintiff's conviction remains undisturbed, the complaint should be dismissed.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The High Court rebuffed such an effort and held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional

---

[3] The so called "prisoner mail box rule" provides that "a pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court." Burns v. Morton, 134 F.3d 109, 113 (3d Cir 1998); United States v. Soto, 159 F.Supp.2d 39, 45 (E.D. Pa. 2001). The prisoner mail box rule has been applied not only to habeas petitions but has been expanded to civil rights complaints as well. Sulik v. Taney County, 316 F.3d. 813, 815 (8th Cir. 2003) (collecting cases). Plaintiff certified that he handed the complaint and other papers to prison officials for mailing on May 31, 2007. Dkt. [1-3] at 3. Hence, this is the date we will deem to be the filing date. See Richardson v. Diagnostic Rehabilitation Center, 836 F.Supp. 252, 254 (E.D. Pa. 1993) ("While a complaint accompanied by an i.f.p. motion is usually not deemed 'filed' until leave to proceed in forma pauperis is granted or the filing fee is paid, the filing of the motion tolls the applicable statute of limitations.").

7

>  conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck, 512 U.S. at 486-87 (footnote omitted).

To the extent that Plaintiff is attempting to establish that the Defendants conspired against him to falsely convict him due to their alleged racial animus, and this is, indeed, the gravamen of his complaint,[4] success in establishing such would necessarily render his convictions or sentences invalid. See, e.g., Abella v. Rubino, 63 F.3d 1063, 1064, 1065 (11th Cir. 1995) (holding that the plaintiff's argument that the defendants "knowingly and willfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred under *Heck* because "[j]udgment in favor of Abella on these claims [that the defendants unconstitutionally conspired to convict him of crimes he did not commit] 'would necessarily imply the invalidity of his conviction.'"); Zhai v. Cedar Grove Municipality, 183 Fed.Appx. 253, 255 (3d Cir. 2006) (Nonprecedential)("Zhai's conspiracy claims under 42 U.S.C. §§ 1985-1986 are based on her allegation that the officers, prosecutor, and judge conspired to bring false charges to secure a release for any civil liability resulting from the incident. However, these claims are barred, along with her challenges to the guilty plea itself, by *Heck v. Humphrey*"); Perez v. Sifel, 57 F.3d 503 (7th Cir. 1995) (*per curiam*) (Heck barred § 1983 action charging conspiracy to procure

---

[4] See e.g., Dkt. [1-2] at p. 10, ¶ 29 & 31 (wherein Plaintiff alleges that "[h]e had not committed any criminal offense" and that defendant Judge Ziegler engaged in a joint venture with the Pittsburgh City Police officers, to falsely prosecute Plaintiff for federal firearms violations).

8

conviction through perjury, falsifying evidence, and withholding exculpatory evidence). Therefore, pursuant to the reasoning of Heck, Plaintiff's claims are not cognizable in this civil rights action absent an invalidation of those convictions.[5]

This is true as well for Plaintiff's claims for declaratory and injunctive relief. See, e.g., Harvey v. Horan, 278 F.3d 370, 375 (4th Cir. 2002)(in a case where a prisoner who filed a civil rights action, seeking injunctive relief that would have had the effect of invalidating his conviction, the court held that "[w]hile *Heck* dealt with a § 1983 claim for damages, the Court did not limit its holding to such claims. And we see no reason why its rationale would not apply in a situation where a criminal defendant seeks injunctive relief that necessarily implies the invalidity of his conviction. . . . Harvey's § 1983 claim does just that. . . . Harvey claims that he is innocent and that further DNA testing will lead to his exoneration. Because he seeks to use § 1983 to invalidate a final state conviction whose lawfulness has in no way been impugned, his suit fails under *Heck*. It must be dismissed for failure to state a claim."); Eubank v. Ghee, 202 F.3d 268 (Table) 1999 WL 1045238, at *1 (6th Cir. 1999)("The holding in *Heck* applies regardless of whether the plaintiff seeks injunctive or monetary relief."); Moreno v. California, 25 F.Supp.2d 1060, 1062 (N.D. Cal. 1998)("This [*Heck*] holding has been extended to civil rights actions seeking declaratory or injunctive relief as well as damages.").

### Repetitious Suits are Malicious

Alternatively, it appears that Plaintiff has filed a substantially similar suit previously,

---

[5] To the extent that Plaintiff is claiming excessive force and an unreasonable search and seizure in connection with his arrest on January 23, 1993, such claims may not necessarily imply the invalidity of his conviction and hence, are not barred by Heck, however, they are clearly barred by the statute of limitations as explained above and/or by the fact that they are repetitious of his claims in his 1997 suit and hence dismissible as malicious, as explained below.

namely, Hundley v. Brown; City of Pgh.; City of Pgh. Police, et al., No. 97-cv-2160 (W.D. Pa. Filed 11/24/1997) (hereinafter "the 1997 suit"), of which this court takes judicial notice.[6] That case was dismissed pre-service for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B)(ii). Id., at Dkt. Nos. 10 (Report and Recommendation) & 13 (Memo order adopting Report and Recommendation).[7] The dismissal was affirmed on appeal. Hundley v. City of Pittsburgh, 172 F.3d 859 (Table) (3d Cir. 1998).[8]

The rule is that "[r]epetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted). Here, the instant suit is clearly repetitious of the 1997 suit, i.e., the instant suit and the 1997 suit are virtually identical causes of action, naming substantially the same defendants and seeking much the same relief, and so the instant suit is, therefore, malicious and/or frivolous. Compare the original and amended complaints in the 1997 suit, attached hereto as Exhibit C, with the complaint in the present suit. Hence, the present suit should be dismissed as malicious pursuant to 28 U.S.C. § 1915A.

Accordingly, the complaint should be dismissed for any and or all of the foregoing reasons.

CONCLUSION

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) & (C), and

---

[6] The Report in the 1997 suit recommended dismissal of the complaint therein based on the Heck v. Humphrey rationale, albeit citing to Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996) (which, in turn, cited to and relied on Heck).

[7] Both the Report and the Memorandum Order are attached hereto as Exhibit A.

[8] The Court of Appeals opinion is attached hereto as Exhibit B.

Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/ *Amy Reynolds Hay*
United States Magistrate Judge

Dated:   16 July, 2007

cc:   The Honorable Donetta W. Ambrose
Chief United States District Judge

Raphael Dwight Hundley
22822-053
USP Canaan
PO Box 300
Waymart, PA 18472

11